## LAMPEL LAND & IMPROVEMENT COMPANY v. T. C. SPELLINGS et al., Appellants.

### Division Two, July 1, 1911.

1. **PLEADING: Answer: Inconsistent Defenses: Test.** The test of the consistency of allegations in an answer is whether the proof of one disproves the other. Unless this happens the defenses, however diverse, are not inconsistent.

2. ————: ————: ————: **Waiver.** The inclusion in an answer of affirmative defenses contradictory to a defense of misjoinder also included, is a waiver of the defense of misjoinder.

3. ————: ————: **Suit to Quiet Title: Misjoinder: Coupled with Affirmative Defenses: Waiver.** All consistent defenses may be made in the same answer. But an answer in a suit to quiet title which sets up a general denial and a defense of misjoinder of persons and causes of action, together with a counterclaim or cross-petition in which defendant asserts title to that part of the land in suit claimed by him, denies that plaintiff has title, and prays for affirmative relief, is not consistent. Because of this repugnancy, defendant has no right to ask the Supreme Court to review the action of the trial court in refusing to sustain the objection of misjoinder.

4. ————: **Misjoinder: Defect Not Appearing on Face of Petition: Reached by Answer.** Misjoinder not appearing on the face of the petition is not open to demurrer. Objection thereto is properly made by answer.

5. **EVIDENCE: Suit to Quiet Title: Abstract Books Declared Evidence by Statute: Mere Certificate not Admissible.** Where the Legislature has enacted statutes making copies of certain abstract books, properly verified, prima facie evidence of matters therein contained, a mere certificate or abstract of title made by a title examiner is incompetent to show any chain of title, and an objection to its admission in evidence should be sustained.

6. ————: ————: ————: **Best Evidence.** Where the Legislature has enacted statutes making copies of certain abstract books, properly verified, prima facie evidence of matters therein contained, one offering evidence of such matters should be required to offer the books themselves, or certified copies of their contents attested in the manner prescribed by statute.

7. ————: **Existing Writings.** The contents of existing writings cannot be proved by oral testimony until the failure to produce the writings themselves is satisfactorily explained.

236 Sup.—3

Appeal from Taney Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*Groom & McConkey* and *Ball & Ryland* for appellants.

(1)  There was misjoinder of parties and of causes of action.  (2)  The admission in evidence of an abstract purporting to be certified from Taney County Abstract Company by Arthur F. Farrar, was error.  Stewart v. Land Co., 200 Mo. 290.  (3)  The book or books concerning the contents of which the witness Groom was interrogated were not offered in evidence, were not shown to be admissible, and it was error to permit the witness to testify as to a part of the contents.  (4)  The only competent proof of title was introduced by appellants showing title in appellant Reynolds to the land mentioned in his answer, and title in the other appellants to the land mentioned in their answer.

*C. B. Sharp* and *G. A. Watson* for respondent.

(1)  If there was a misjoinder of parties and of causes of action the objection to the petition on that account was waived by the allegations of the answer of appellants.  (2)  The admission in evidence of the abstract was not error, when same was verified by the testimony of Groom, the owner of the "Chas. N. Groom Abstracts."  Laws, 1905, p. 148.

BOND, C.—Plaintiff, a corporation, sues to quiet title to 1130 acres of land in Taney county, Missouri. This action was begun in 1903.  Second amended petition was filed in 1906.  A number of persons were made defendants—of these George E. Reynolds filed a separate answer, claiming a part of the land men-

tioned in plaintiff's petition. Four other persons filed separate answers, claiming jointly another and different part of the land. The case came on for trial on the 23d of April, 1906.

The plaintiff first showed that the deed records of the county were destroyed by fire in 1885, when the court house and all the public records therein were burned. Plaintiff then introduced in evidence an abstract of title to the land sued for "made by Taney County Abstract Company, Arthur F. Farrar, Mgr." This abstract concludes, to-wit:

"No. 95. State of Missouri, County of Taney, ss.

"I hereby certify that I have examined the title to the premises described on sheet one of this abstract and find no conveyances of record in the recorder's office of said county affecting the title to said premises, except as herein set forth, nor any judgments in any of the courts of said county against either of said parties which are liens upon said premises, or tax sales remaining uncanceled, or taxes due and unpaid other than herein set forth. This abstract consists of 95 sheets numbered consecutively from 1 to 95 inclusive. In witness whereof, I hereto affix my name at office in Forsyth, Mo., this 18th day of August, A. D., 1903, at 1:35 p. m. Taney County Abstract Co., by Arthur F. Farrar, Manager."

Defendants specifically objected to the admission in evidence of this abstract and excepted to the ruling of the court overruling their objection. Thereupon, plaintiff interrogated Mr. Groom for the purpose of proving by him that certain recitals of said abstract were also contained in the book in the possession of Mr. Groom, which was one of the abstract books known as Layton-Mead abstract books, belonging to the witness, and which he had then with him. Defendants objected to each of these questions for the following reason: "What this book shows, at the page mentioned, it shows for itself, and it is not

competent for the witness to answer what the book shows, as the book shows for itself." This objection was overruled, to which defendants duly excepted at the time. A number of other questions of the same nature were asked by plaintiff and objected to by defendants, whose objections were overruled, and exceptions duly taken.

The trend of the questions and answers tended to show that the abstract or certificate of title introduced in evidence by plaintiff contained notations and recitals of conveyances of the land sued for, showing that it had been patented, and by subsequent conveyances had been vested in the plaintiff, but showing, also, that some of the mesne grantees had quitclaimed the respective portions of the land claimed by the defendants, and that the defendants were the ultimate grantees under said quitclaim deeds, and that defendant Geo. E. Reynolds was the final grantee as to the portion claimed by him under quitclaim deeds based on the sheriff's deed for the sale of the land to pay taxes. All these recitals and entries of the abstract admitted in evidence, according to the testimony of Mr. Groom, were also contained in the book belonging to him. Plaintiff did not introduce the book itself nor offer to do so, and each and all of defendant's objections to the admissibility of such questions and answers, because not the best evidence, were overruled, and due exceptions saved.

Defendant George E. Reynolds introduced evidence of the sale of the portion of the land claimed by him to pay taxes and subsequent quitclaim deeds from the purchaser at the tax sale, running down to a quitclaim deed to himself. The other four defendants adduced evidence tending to show a series of quitclaim deeds beginning with the patentees of the land and ending in said four defendants. Defendant Reynolds gave evidence of claim and possession of the land

described in his answer, and the payment of taxes thereon by him and his grantors.

After hearing this testimony, plaintiff desired to amend its petition by inserting therein the offer to pay the taxes and cost of such tax sale which had been paid by Reynolds and his grantors. Thereupon, the court permitted said amendment and adjourned any further proceeding in said cause to its next regular term; and the parties entered into the following stipulation: "This cause is continued and it is agreed by plaintiff and defendants, Reynolds et al., that on the trial of the cause at the next term, or when it is tried, the testimony taken by both parties, in the trial, heard at this term, can be introduced from the stenographer's notes, with the objections and exceptions, as far as taken, with the same force and effect as if the testimony was re-offered, and with the right to each party to offer such other and additional testimony as they may desire." Thereafter, at the regular October term, 1906, of said court, defendant Reynolds, before any further proceedings were had in said cause, filed his application, supported by affidavit, for change of venue. Said application was based on two grounds: First, of prejudice on the part of the judge; and, second, that plaintiff exerted undue influence over the mind of the judge. The trial judge overruled said application for the reason that after the former hearing of said cause and amendment to plaintiff's petition, and because defendant Reynolds was not then prepared to show the amount of taxes paid by himself and grantors on said land; and at his instance and request the cause was continued "for this purpose only and judgment withheld until the next regular term of the court." Defendant Reynolds duly excepted to the action of the court. Thereupon, a decree was rendered, finding that plaintiff was the owner in fee of all the land described in its petition, discharging all the defendants who had not answered,

and finding specifically that the claim for the portion of the land made by Reynolds was void, and likewise that the claims made by the other four defendants for another portion of the land were also void, but decreeing in favor of said sets of defendants that they should respectively recover taxes paid by them or on their behalf in the sums of $251.11 and $80.50, and giving a special lien on the different portions of the land claimed by said sets of defendants to secure the payment of said sums. From this judgment an appeal was taken to this court.

I. The first point made by appellants grows out of the claim in the answer of George E. Reynolds that there was a misjoinder of parties and causes of action. None of the other defendants made any defense of this kind. The answer of George E. Reynolds sets up a general denial and defense of misjoinder of persons and causes of action, and also a counterclaim or cross-petition, wherein he asserted title to the particular portion of the land claimed by him, and denied all right and title alleged thereto by plaintiff, and prayed the court to decree that the fee estate therein was vested in him and to establish, confirm and quiet such title as against the plaintiff, and for general relief.

This position was contradictory to the defense seeking to dismiss plaintiff's suit for misjoinder of persons and causes of action, and, therefore, was a waiver of such defense on the part of defendant.

All consistent defenses may be made in the same answer whether involving matters of abatement or in bar of plaintiff's suit. The test of consistency is whether the proof of one defense necessarily disproves another. Unless this happens, the defenses, however diverse, are not inconsistent. In the case at bar it would be impossible for the defendant George E. Reynolds to obtain the affirmative relief prayed

for in his answer without abandoning the defense also set up in his answer praying the dismissal of plaintiff's suit for a misjoinder of parties and causes of action. Because of this repugnancy between the positions thus taken by him, defendant has no right to ask this court to review the action of the trial court in refusing to sustain the objection of misjoinder also contained in his answer. That defense under the facts in this record would have been full and complete and would have entitled defendant Reynolds to a dismissal of the suit against him except for the further contradictory defense and prayer for relief contained in his answer against the plaintiff. The objection of misjoinder was not open to demurrer since it did not appear on the face of the petition. It was, therefore, proper to be made by answer, and would doubtless have prevailed except for the further pleading in the answer which was destructive of the defense of misjoinder.

II.   Appellants also assign for error the admission, over their objections, of the oral testimony of witness Groom as to the contents of a book which was one of a set of abstract books owned by him. Evidently, plaintiff, by this testimony, intended to show that the abstract or certificate of title by the Taney County Abstract Company, which it had erroneously introduced in evidence, contained the same chain of title which was entered in the set of abstract books referred to by the act of the Legislature (Laws 1905, p. 148), making copies of such books, properly verified, prima facie evidence of the matters therein contained in all courts and places in this State. This act was passed to facilitate proofs of title in real estate transactions which appeared on the public records of Taney county before their destruction by fire, on the 19th of December, 1885. It was designed in a measure to make this particular set of abstract books a quasi sub-

stitute for the destroyed records from which they had been presumably copied.

The object of this statute is beneficial, and should not be thwarted by a narrow construction cutting off its usefulness. We think, therefore, that if the custodian of this set of abstract books mentioned in the statute had refused to furnish, under affidavit, true and correct copies of the matters and entries contained in said abstract books in his possession, then the plaintiff might have required him to produce said books under a subpoena *duces tecum,* or otherwise, and might have offered the books themselves in evidence and proved by the books any and all matters and entries contained in them affecting the title of the land in suit; and that the showing thus made would have had all the probative force of copies made from said books by the custodian and attested by his affidavit. Plaintiff did not take this course. But, in the first instance, presented a mere certificate or abstract of title made by a title examiner. Clearly, this document was incompetent of itself to show any chain of title, and the objection of defendants to its admission in evidence should have been sustained. It was not a certified copy of the public records nor was it a copy of the set of abstract books, made a quasi substitute for the public records which had been destroyed by fire, attested by the custodian thereof as prescribed by the terms of the Act of March 23, 1905.

The series of questions put to witness Groom relating to the contents of the abstract books were an attempt to prove the contents of existing writings, not by the writings themselves, but by oral testimony. This could not be done consistently with established rules governing the admission of evidence.

The apt and specific objections interposed by defendants served to call the attention of the court to the incompetency of this testimony and its inadmissibility. These objections should have been sustained,

and the plaintiff should have been required to offer in evidence the books themselves or certified copies of their contents, attested in the manner prescribed by statute.

As this error of the trial court necessitates a reversal of the judgment in this cause, it is unnecessary to discuss the error assigned as to its refusal of the application for a change of venue. This cause is reversed and remanded for a new trial in conformity herewith.

*Roy, C.,* concurs.

PER CURIAM.—The foregoing report of the commissioners is hereby adopted as the opinion of the court.